IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RONALD B. PALMER and SHERRY L. PALMER, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-688-SDJ-KPJ |
| DEREK WILLIAM KIRKWOOD, *et al.*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are two motions from Defendants Derek W. Kirkwood, James S. Hulse, Jerry Garner, Corinth Police Department, and the City of Corinth (collectively, the "City Defendants"):

(1) City Defendants' Motion to Extend Time to File Answer or Other Responsive Pleading to Plaintiffs' Original Complaint (the "Motion") (Dkt. 13); and

(2) City Defendants' Unopposed Amended Motion to Extend Time to File Answer or Other Responsive Pleading to Plaintiffs' Original Complaint (the "Amended Motion") (Dkt. 16).

In the Amended Motion, the City Defendants represent that they received service of process on December 9, 2020, which, by their calculations, makes their answers or otherwise responsive pleadings due on December 30, 2020. *See* Dkt. 16. The City Defendants state that, due to the upcoming holidays, difficulties imposed by the ongoing COVID-19 pandemic, and counsel's other cases, including one pending before the Fifth Circuit, the City Defendants need an extension of thirty (30) days to file their answer or otherwise responsive pleading. *See id.* Defendants further represent they were able to speak to Plaintiff Ronald Palmer on the phone, who expressed he and Plaintiff Sherry Palmer were not opposed to the Amended Motion. *See id.*

1

Under Federal Rule of Civil Procedure 6(b)(1)(A), a court may, for good cause, extend deadlines with or without a motion before a deadline expires. *See* FED. R. CIV. P. 6(b)(1)(A); *see also Hill v. First Tenn. Bank, NA*, No. 3:17-cv-1298-L, 2018 WL 2427146, at *1 (N.D. Tex. May 30, 2018). If an extension is sought *after* a deadline has passed, the court must find there is good cause and excusable neglect to extend a deadline. *See* FED. R. CIV. P. 6(b)(1)(B). Here, the City Defendants seek an extension before their deadline to file an answer or response has expired, so the Court need only find there is good cause. *See id.* at 6(b)(1)(A).

District courts have discretion to grant extensions under Rule 6(b)(1)(A). *See Reed Migraine Ctrs. of Tex., PLLC v. Chapman*, No. 3:14-cv-1204-N, 2020 WL 869888, at *1 (N.D. Tex. Feb. 21, 2020) (citing *Doss v. Helpenstell*, 699 Fed. App'x. 337, 339 (5th Cir. 2017)). Further, "[a]n application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (quoting 4B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed. 2008)). Upon review of the Amended Motion and the reasons stated therein, the Court finds there is good cause to grant the City Defendants an extension to file an answer or otherwise responsive pleading. Accordingly, the Court finds the City Defendants' Amended Motion (Dkt. 16) is hereby **GRANTED** and their Motion (Dkt. 13) is hereby **DENIED AS MOOT**.

**IT IS ORDERED** that the City Defendants' deadline to file an answer or responsive pleading to Plaintiffs' Complaint (Dkt. 1) be extended to **January 29, 2021**.

**So ORDERED and SIGNED this 23rd day of December, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE